# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| STRIPLING'S GENERAL STORE, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> STRIPLING'S OPS TIFTON, LLC d/b/a TIFT MARKET, THOMAS COOGLE, and LELAND ROBERTS, <br><br> *Defendants*. | Civil Action No. <br> _____ |

## VERIFIED COMPLAINT

Plaintiff Stripling's General Store, Inc. ("Plaintiff" or "Stripling's"), through counsel, states its verified complaint against Defendants Stripling's Ops Tifton, LLC d/b/a Tift Market ("Tift Market"), Thomas Coogle ("Coogle"), and Leland Roberts ("Roberts") (hereinafter, Tift Market, Coogle and Roberts, collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff's Complaint is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and under the statutes and common law of the state of Georgia.

### PARTIES

2. Plaintiff is a Georgia corporation with its principal place of business at 2289 Highway 300 South, Cordele, Georgia 31015.

3. Defendant Stripling's Ops Tifton, LLC d/b/a Tift Market is a Georgia limited liability company with its principal place of business at 2202 U.S. Highway 41, Tifton, Georgia 31794. Defendant Tift Market may be served through its registered agent, Chad C. VanOrman, 424 Tift Avenue North, Tifton, Georgia 31794.

1

4. On information and belief, Defendant Coogle is a resident of Georgia with an address of 2006 Hall Avenue, Tifton, Georgia 31794.

5. On information and belief, Defendant Roberts is a resident of Georgia with an address of 2805 Murray Avenue, Tifton, Georgia 31794.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) and under 15 U.S.C. §§ 1119 and 1121 as these claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

7. This Cout has personal jurisdiction over Defendants because Defendants are residents of this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants are residents of Georgia and this District and is proper in this Division because Plaintiff resides in this Division and the claim arose in this Division.

**FACTS**

**A.    Plaintiff's Valuable Trademark Rights**

9. Plaintiff owns valuable trademark rights in the Stripling's Logo design marks depicted below, the Stripling's General Store mark, and the "You Never Sausage a Place" mark (collectively, the foregoing are referred to herein as "Plaintiff's Marks"):



10. Plaintiff has marketed, advertised, and used to distinguish its goods and services under Plaintiff's Marks, including in connection with retail store and on-line retail store services featuring a butcher shop specializing in sausage and gourmet and specialty items, namely, beef

jerky, ham, sausage, seasonings, rubs, drinkware, water bottles, insulating sleeve holders for beverage cans, shirts, and related goods ("Plaintiff's Services").

11. Plaintiff also owns a distinctive trade dress associated with Plaintiff's Services comprised of a retail store specializing in selling sausage and jerky, a full service butcher shop, a convenience store selling groceries and other items, a food bar serving hot foods, beer, wine, produce, logo items, logo wear, fresh baked goods, gift baskets, cigarettes, and gas pumps ("Plaintiff's Trade Dress").

12. Plaintiff has established prior rights in and to Plaintiff's Marks and Plaintiff's Trade Dress through its continuous and substantially exclusive of the service mark in intrastate and interstate commerce in connection with the foregoing services.

13. Plaintiff has devoted substantial time, effort, and expense to develop Plaintiff's Goods and Services under Plaintiff's Marks and Plaintiff's Trade Dress. As a result, Plaintiff has achieved significant recognition for Plaintiff's Marks and Plaintiff's Trade Dress, and Plaintiff's business is successful and growing.

14. Through Plaintiff's widespread and continuous use of Plaintiff's Marks and Plaintiff's Trade Dress, Plaintiff's Marks and Plaintiff's Trade Dress have acquired strong recognition and tremendous goodwill amongst its customers in the relevant industry.

15. As a result of Plaintiff's widespread advertising and significant commercial success, Plaintiff's Marks and Plaintiff's Trade Dress are well-recognized among the relevant consuming public in connection with Plaintiff's Goods and Services.

16. In light of the foregoing, Plaintiff owns valid and protectable rights in Plaintiff's Marks and Plaintiff's Trade Dress.

17. To further protect its rights in the Stripling's General Store mark, Plaintiff obtained U.S. Trademark Registration No. 4,926,177 ("the '177 Registration") for the Stripling's General Store mark for the following goods and services in International Class 35: "Retail and on-line grocery store services featuring butcher shop, gourmet and specialty items, namely, sausage and beef jerky."

18. The '177 Registration is valid and subsisting, is incontestable pursuant to 15 U.S.C. § 1065, and is conclusive evidence of the validity of the mark and Plaintiff's ownership of and exclusive right to use the mark in commerce.

19. To further protect its rights in the Stripling's Logo design marks, Plaintiff obtained U.S. Trademark Registration No. 5,457,291 ("the '291 Registration") for the Stripling's Logo for the following goods and services in International Class 35: "Retail store and on-line retail store services featuring a butcher shop and gourmet and specialty items, namely, beef jerky, ham, sausage, seasonings, rubs, drinkware, water bottles, insulating sleeve holders for beverage cans, and shirts."

20. The '291 Registration is valid and subsisting, is incontestable pursuant to 15 U.S.C. § 1065, and is conclusive evidence of the validity of the mark and Plaintiff's ownership of and exclusive right to use the mark in commerce.

21. To further protect its rights in the "You Never Sausage a Place" mark, Plaintiff obtained U.S. Trademark Registration No. 3,012,760 ("the '760 Registration") for the "You Never Sausage a Place" mark for the following goods and services in International Class 35: "Butcher shop -- Specializing in sausage."

22. The '760 Registration is valid and subsisting, is incontestable pursuant to 15 U.S.C. § 1065, and is conclusive evidence of the validity of the mark and Plaintiff's ownership of and exclusive right to use the mark in commerce.

23. The '177, '291, and '760 Registrations are referred to collectively herein as "Plaintiff's Registered Marks." True and accurate copies of the registration certificates for Plaintiff's Registered Marks are attached hereto at Exhibit A.

**B.     Defendant's Wrongful Conduct**

24. Defendants formerly had permission to use Plaintiff's Marks and Plaintiff's Trade Dress pursuant to a Franchise Agreement with Plaintiff's related company, Stripling's Franchising,

LLC ("Stripling's Franchising"). A true and accurate copy of the Standard Franchise Agreement for Stripling's Franchising, LLC is attached hereto at Exhibit B (the "Franchise Agreement").

25. Pursuant to the Franchise Agreement, Defendants were permitted use Plaintiff's Marks and Plaintiff's Trade Dress to operate a store at 2202 U.S. Highway 41, Tifton, Georgia 31794 ("Defendants' Store"), including, as set forth in the preamble to the Franchise Agreement, "a unique and readily recognizable design, color scheme, décor, layout, and signage for the business premises, equipment selection and installation, accounting and bookkeeping methods, merchandising, advertising and promotional techniques, personnel training and a confidential manual (the "Manual") of operating procedures containing specially conceived and designed methods for Store operations (the "System")" and "various trade names, trademarks and service marks consisting of or containing the words "Stripling's General Store" and through the use of certain related logos, symbols, words and insignias (the "Proprietary Marks")."

26. As set forth in the Noncompetition Agreement (Equity Interest Owners) at Attachment I to the Franchise Agreement, Defendants also entered into a covenant not to compete in which they agreed for a continuous uninterrupted period of two (2) years following termination of the Franchise Agreement not to own, operate, lease, franchise, license, conduct, engage in, be connected with, have any interest in, or assist any person (including, without limitation, any entity) engaged in an any business enterprise which operates a store specializing in selling sausage and jerky, a full service butcher shop, a convenience store selling groceries and other items, a food bar serving hot foods, beer, wine, produce, logo items, logo wear, fresh baked goods, gift baskets, cigarettes, and gas pumps (the "Noncompetition Clause").

27. On or about November 6, 2025, Stripling's Franchising gave notice to Defendants that the Franchise Agreement would be terminated effective December 7, 2025 on account of numerous breaches of the Franchise Agreement. A true and accurate copy of the termination letter is attached hereto at Exhibit C.

28. Pursuant to paragraph XVII(D) of the Franchise Agreement, Defendants were required to "immediately and permanently cease to use, by advertising, or any manner whatsoever

5

… the Proprietary Marks and any proprietary marks and distinctive forms, slogans, symbols, computer formats, signs, logos or devices associated with the System. In particular, Franchise Owner will cease to use, without limitation, all signs, advertising materials, stationary, forms, and any other articles that display the Proprietary Marks."

29. On December 6, 2025, Defendants closed Defendants' Store and displayed a sign stating that they would re-open on December 9, 2025.

30. On December 12, 2025, Defendants re-opened Defendants' Store without removing entirely Plaintiff's Marks and Plaintiff's Trade Dress in violation of the Defendants' obligations upon termination of the Franchise Agreement.

31. Defendants re-opening of Defendants' Store also violated the Noncompetition Clause set forth above.

32. By way of example and not limitation, Defendants continue to display publicly (a) signs and goods bearing one or more of Plaintiff's Marks, as shown in Exhibit D hereto; (c) business, food inspection reports, and other licenses bearing the Stripling's General Store mark, as shown in Exhibit E hereto; (d) billboards and other road signage bearing the Stripling's General Store mark and logos as shown in Exhibit F hereto; (e) interior store signage that was part of Plaintiff's Trade Dress as shown in Exhibit G hereto; and (f) receipts to customers in Defendants' Store bearing the "You Never Sausage a Place" mark as shown in Exhibit H hereto.

33. On information and belief, Defendants engage in still other acts of infringement and counterfeiting of Plaintiff's Marks and Plaintiff's Trade Dress.

34. On information and belief, Defendants are falsely representing that the closure and re-opening of Defendants' Store is a "re-branding" and not a closure and re-opening under a different and unrelated brand not affiliated with Plaintiff.

35. Not only is Plaintiff harmed by Defendants' infringement and the inherent damage caused by unauthorized use, but Plaintiff is irreparably harmed to the extent it faces injury to its reputation and loss of customers because of the Defendants' distribution in the Plaintiff's name of a different or inferior product.

36. Plaintiff's brand standards are the key to Plaintiff's success. The value and goodwill in Plaintiff's brand is developed through the consistency it achieves in the look and feel of its stores and the goods sold in those stores. Any health violations or violations of other licensing regulations by Defendants will be attributed to Plaintiff.

37. Once the loyalty of Plaintiff's customers is lost, it is difficult to win them back, which affects all of Plaintiff's locations because customers often visit Plaintiff's stores in different cities throughout Georgia. Plaintiff's customers have a certain expectation of the experience that Plaintiff's stores will provide and the Defendants' inability to meet this expectation will irreparably damage Plaintiff's brand and what it stands for.

38. Unless Defendants are enjoined from infringing and counterfeiting Plaintiff's Marks and Plaintiff's Trade Dress, Plaintiff will continue to be harmed by Defendants' unlawful conduct.

## COUNT I
### REGISTERED TRADEMARK INFRINGEMENT
### UNDER THE LANHAM ACT, 15 U.S.C. § 1114

39. Plaintiff incorporates herein by reference paragraphs 1–38 above as if fully set forth herein.

40. Plaintiff is the registrant for Plaintiff's Registered Marks.

41. Defendants have used in commerce reproductions, counterfeits, copies and colorable imitations of Plaintiff's Registered Mark in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

42. Defendants have reproduced, counterfeited, copied, or colorably imitated Plaintiff's Registered Marks and applied such reproductions, counterfeits, copies, and colorable imitations to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of

goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

43. Defendants' acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

44. The acts of Defendants complained of herein constitute registered trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1).

45. Plaintiff has been damaged by the acts of Defendants complained of herein.

46. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff.

47. Unless enjoined by this Court, Defendants' conduct will continue to cause confusion among members of the public, and additionally, injury to the goodwill and reputation of Plaintiff's Registered Marks for which Plaintiff has no adequate remedy at law.

48. Defendants' conduct, individually and collectively, has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, treble damages for use of a counterfeit mark, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

### COUNT II
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### UNDER THE LANHAM ACT, 15 U.S.C. § 1125

49. Plaintiff incorporates herein by reference paragraphs 1–38 above as if fully set forth herein.

50. Plaintiff owns valid rights in Plaintiff's Marks and Plaintiff's Trade Dress.

51. Defendants' use of Plaintiff's Marks and Plaintiff's Trade Dress is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of Plaintiff's goods,

services, or commercial activities by or in association with another person within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

52. The acts of Defendants complained of herein constitute trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. Plaintiff has been damaged by the acts of Defendants complained of herein.

54. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff. Plaintiff is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1116 and 1117.

## COUNT III
## VIOLATION OF THE GEORGIA DECEPTIVE TRADE PRACTICES ACT
## O.C.G.A. § 10-1-370 *ET SEQ.*

55. Plaintiff incorporates herein by reference paragraphs 1–38 above as if fully set forth herein.

56. Under Georgia's Deceptive Trade Practices Act ("GUDTPA"), it is a deceptive trade practice if a person, among other things, in the course of that person's business, vocation, or occupation, passes off goods or services as those of another, causes likelihood of confusion or misunderstanding as to another's affiliation, connection, association, or certification, falsely represents that goods or services have a particular sponsorship, approval, status, affiliation, or connection, or engages in any other conduct that similarly creates a likelihood of confusion or misunderstanding.

57. Plaintiff owns valid rights in and is the senior user of Plaintiff's Marks and Plaintiffs' Trade Dress.

58. Defendants' actions have caused, and will continue to cause, irreparable harm to Plaintiff as a result of such activities, and Plaintiff has suffered substantial damages, as well as the continuing loss of goodwill and reputation established by Plaintiff in Plaintiff's Marks and Plaintiff's Trade Dress.

59. Plaintiff has been damaged by the acts of Defendants complained of herein.

60. Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff. Plaintiff is entitled to injunctive relief, costs and reasonable attorneys' fees.

## COUNT IV
## VIOLATION OF THE GEORGIA UNFAIR COMPETITION STATUTE
## O.C.G.A. § 23-2-55

61. Plaintiff incorporates herein by reference paragraphs 1–38 above as if fully set forth herein.

62. Defendants, by their use of Plaintiff's Marks and Plaintiff's Trade Dress, have attempted to encroach upon Plaintiff's business by the use of names and trademarks that are identical, or at least confusingly similar, to Plaintiff's Marks and Plaintiff's Trade Dress. Defendants intended to deceive and mislead the general consuming public when they continued to use Plaintiff's Marks and Plaintiff's Trade Dress when re-opening Defendant's Store.

63. Defendants' unauthorized use of Plaintiff's Marks and Plaintiff's Trade Dress and other confusingly similar variations thereof tends to induce Defendants' customers to believe that they are purchasing goods and services from or authorized by Plaintiff or an affiliate of Plaintiff, and unfairly allows Defendants to take for themselves Plaintiff's goodwill and superior rights in Plaintiff's Marks and Plaintiff's Trade Dress, which is likely to confuse, deceive, and injure the public.

64. Plaintiff has been, and continues to be, irreparably damaged by Defendants' actions, and it has no adequate remedy at law.

65. Unless this Court enjoins Defendants' use of Plaintiff's Marks and Plaintiff's Trade Dress and other confusingly similar variations thereof in violation of O.C.G.A. § 23-2-55, Defendants' unlawful actions will continue to injure the public and cause Plaintiff irreparable injury.

66. Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover damages already sustained as provided by Georgia law.

## CLAIM V
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER GEORGIA COMMON LAW

67. Plaintiff incorporates herein by reference paragraphs 1–38 above as if fully set forth herein.

68. Plaintiff owns valid common law rights in and is the senior user of Plaintiff's Marks and Plaintiff's Trade Dress in at least the State of Georgia where Plaintiff is doing business.

69. Defendants' use of Plaintiff's Marks and Plaintiff's Trade Dress and confusingly similar variations thereof in connection, which are the same as or are competitive with Plaintiff's services, is likely to cause confusion, to cause mistake, and to deceive the public and consumers as to the source or origin of Defendants' goods and services.

70. Plaintiff has been damaged by the acts of Plaintiff complained of herein and will continue to suffer harm if Plaintiff is not otherwise enjoined by this Court from use of Plaintiff's Marks and Plaintiff's Trade Dress and confusingly similar variations thereof.

71. Defendants have acted, and continue to act, willfully, deliberately, and with full knowledge of Plaintiff's use of and common law rights in and to Plaintiff's Marks and Plaintiff's Trade Dress without regard to the likelihood of confusion of the public created by Defendants' actions.

72. Defendants' unauthorized use of Plaintiff's Marks and Plaintiff's Trade Dress and other confusingly similar variations thereof has caused and is likely to cause confusion, mistake, and deception as to the affiliation, connection, or association with, or sponsorship, endorsement, or approval by, Plaintiff.

73. Defendants' unlawful and willful conduct has caused actual damages to Plaintiff, and has resulted in Defendants' profit.

74. Unless and until Defendants are enjoined from their unlawful conduct, Plaintiff will continue to suffer irreparable harm for which it has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court:

    A.    Enter a judgment in favor of Plaintiff and against Defendants on all counts alleged in this Complaint;

    B.    Preliminarily and permanently enjoin Defendants, their officers, agents, servants, employees, and attorneys, and any and all other persons who are in active concert or participation with them from infringing Plaintiff's Marks and Plaintiff's Trade Dress, including by ceasing and desisting from further use of Plaintiff's Marks and Plaintiff's Trade Dress and any confusingly similar mark or trade dress pursuant to 15 U.S.C. § 1117, Georgia statute, and otherwise as just and appropriate under the law;

    C.    Order the destruction of all infringing articles in the possession of Plaintiff and used pursuant to its infringing activities, pursuant to 15 U.S.C. § 1118;

    D.    Order Defendants to file with the Court and serve upon Plaintiff a written report under oath setting out in detail the manner and form in which Defendants have complied with the judgment, injunction, and destruction of infringing articles within 30 days after the service of the injunction and judgment on Defendants;

    E.    Award Plaintiff all monetary remedies to which it is entitled under the common law and the particular statutes referenced herein, including, without limitation, any and all profits realized by Plaintiff from the unlawful activities made the subjects of Plaintiff's claims, any damages sustained by Plaintiff as a result of Plaintiff's unlawful activities, the costs of this action, pursuant to 15 U.S.C. § 1117, and otherwise as just and appropriate under the law;

    F.    Award enhanced monetary remedies pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, and Georgia statutory law;

G.    Award Plaintiff its reasonable attorneys' fees, including but not limited its fees pursuant to O.C.G.A. § 13-6-11, as Plaintiff has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense;

H.    Award Plaintiff pre-judgment and post-judgment interest; and

I.    For such other and further relief as the Court deems just.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 12/17/2025.

*Lindsay Land*
2401170A7D94489
Lindsay Land
*on behalf of Plaintiff*
*Stripling's General Store, Inc.*

Respectfully submitted this 17th day of December, 2025.

*s/ Charles M. Landrum III*
Charles M. Landrum III
Georgia Bar No. 312056

THOMAS | HORSTEMEYER LLP
3200 Windy Hill Rd. SE Suite 1600E
Atlanta, Georgia 30339
T: (770) 933-9500
F: (770) 951-0933
c.landrum@thip.law

Dustin K. Land
Georgia Bar No. 869763

BRYAN AND LAND, LLC
P.O. Box 229
Ashburn, Georgia 31714
T: (229) 567-3441
F: (229) 567-3419
dland@bryanandland.com

*Attorneys for Plaintiff*
*Stripling's General Store, Inc.*