**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

STRIPLING'S GENERAL STORE, INC.,      :
                                      :
      Plaintiff,                 :
                                      :
v.                                    :      CASE NO.: 1:25-CV-181 (LAG)
                                      :
STRIPLINGS OPS TIFTON, LLC
d/b/a TIFT MARKET, *et al.*,          :
                                      :
      Defendants.                :
                                      :

## ORDER

Before the Court is Plaintiff's Motion for Leave to File an Amended and Supplemented Complaint (Doc. 28), Plaintiff's Motion to Dismiss Defendants' Amended Counterclaims and to Strike Defendants' Amended Defenses (Doc. 22), and Parties Motion for Extension of Time to Complete Discovery (Doc. 29). For the reasons below, Plaintiff's Motion to Amend (Doc. 28) and Parties Motion for Extension (Doc. 29) are **GRANTED** thus, Plaintiff's Motion to Dismiss and Strike (Doc. 22) is **DENIED as moot**.[1]

## BACKGROUND

Plaintiff initiated this action on December 17, 2025. (Docs. 1, 8). Defendants filed an Amended Answer and Counterclaim on January 30, 2026. (Doc. 19). On February 10, 2026, the Court issued the Scheduling/Discovery Order providing the deadline to amend pleadings no later than April 9, 2026. (Doc. 21). Plaintiff filed a Motion to Dismiss requesting the Court dismiss the counterclaims and strike Defendants' Amended Answer on February 13, 2026. (Doc. 22). Defendants filed their Response to the Motion to Dismiss (Doc. 23), and Plaintiff filed its Reply (Doc. 24).

On April 9, 2026, Plaintiff filed its Motion for Leave to File Amended and Supplemented Complaint and attached a Proposed Amended Complaint. (Docs. 28, 28-2).

---

[1]    The Court will issue an Amended Scheduling Order in due course.

As of the date of this Order, no response was filed. (*See* Docket). On May 12, 2026, the Parties notified the Court through email that Defendants consent to the filing of the Amended Complaint and subsequently, Plaintiff filed its Amended Complaint (Doc. 30) without referencing the written consent to file by Defendants. Consequently, the Court must review Plaintiff's Motion for Leave to File Amended and Supplemented Complaint (Doc. 28). Plaintiff requests, pursuant to Federal Rule of Civil Procedure 15(b)(2) and 15(d), to add another defendant, Reynolds IGA Foodliner, Inc. d/b/a Georgia Best Foods, and to "assert[] claims for false advertising under the Lanham Act, 15 U.S.C § 1125, and Georgia law, O.C.G.A. § 10-1-420, and requesting corresponding injunctive relief and an award for corrective advertising damages." (Doc. 28 at 1). In the attached memorandum, Plaintiff provides the supplemental paragraphs 6 and 41–49 with the assertion that since the filing of the original Complaint, Defendants have "replaced many of the licenses and permits publicly displayed in the window of Defendants' store" with Reynolds IGA Foodliner, Inc. d/b/a Georgia Best Foods. (Doc. 28-1 at 2–3).

On April 30, 2026, Parties filed a Motion for Extension of Time to Complete Discovery representing "a miscommunication between the parties regarding . . . responses to written discovery." (Doc. 29 at 1). The Parties "were able to resolve the miscommunication . . . [but] additional time is needed to complete discovery and to disclose expert witnesses." (*Id.*). The Parties request an additional sixty (60) days to all applicable deadlines.

## LEGAL STANDARD

Plaintiffs may amend their complaint "once as a matter of course" within twenty-one days of serving the complaint or within twenty-one days of service of a responsive pleading or motion under Federal Rules of Civil Procedure 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). In all other cases, a plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," leave to amend should be "freely

2

given." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)). Rule 15(d) permits a court, "[o]n motion and reasonable notice, . . . [and] on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading." Fed. R. Civ. P. 15(d). Rule 15 therefore "evinces a bias in favor of granting leave to amend." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (11th Cir. 1981). Accordingly, without a "substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Dussouy*, 660 F.2d at 598).

## DISCUSSION

Here, because more than twenty-one days have passed since Plaintiff served the Complaint and since Defendants have answered, Plaintiff seeks the Court's leave to amend and add a party. Plaintiff represents that there is no undue delay, rather the request was timely and within the deadline set by the Court. Nor will Plaintiff's good faith request be prejudicial to Defendants. Upon review of Plaintiff's Proposed Amended Complaint (Doc. 28-2; Doc. 30) and the record, the Court finds no substantial reason to deny Plaintiff's Motion. *See Burger King*, 169 F.3d at 1319. Defendants did not file a response within the time allocated and on May 12, 2026, the Parties notified the Court through email that Defendants consent to the filing of the Amended Complaint. The Parties further requested an extension in their discovery phase in the Motion for Extension of Time to Complete Discovery (Doc. 29). Thus, the Court finds that there is no "undue delay prejudice, or bad faith" related to Plaintiff's amendment and supplementation request. *See id.*

## CONCLUSION

Accordingly, for good cause shown, the Motion to Amend (Doc. 28) and Motion for Extension (Doc. 29) are **GRANTED**. The Motion to Dismiss and Strike (Doc. 22) is **DENIED as moot.** Plaintiff's Amended Complaint at Doc. 30 and supporting Exhibits Doc. 30-1–30-8 supersede the original Complaint filed in this case. *See Reynolds v. Behrman Cap. IV L.P.*, 988 F.3d 1314, 1319 (11th Cir. 2021). Defendants have **twenty-one (21) days** to file an amended answer or otherwise respond to the First Amended

Complaint. The dates set forth in the February 10, 2026 Scheduling Order (Doc. 21) are extended for an additional sixty (60) days. An amended scheduling order will be issued forthwith.

**SO ORDERED**, this 22nd day of May, 2026.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

4